**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REUBEN WEBB,

        Plaintiff - Appellant,

  v.

HEIDI MILLER-SALTARELLO; TIA
BULLOCK; CARRIE COFFEY; Doctor
WARREN G. ROBERTS, MD; JOE
BUGHER; ADAM KIDWELL;
JOHN/JANE DOES; KAREN
WRIGHT; DANNA FLEENER,

        Defendants - Appellees.

No. 24-2094

D.C. No. 6:23-cv-01636-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 21, 2025[**]

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Oregon state prisoner Reuben Webb appeals pro se from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and related state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm in part, reverse in part, vacate in part, and remand.

The district court properly dismissed Webb's claims against defendants Bullock, Coffey, Roberts, Bugher, Wright, and Fleener because Webb failed to allege facts sufficient to show that they violated his constitutional rights. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (explaining that a supervisory official is liable under § 1983 if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

The district court properly dismissed Webb's claims against defendant Miller-Saltarello and the Therapeutic Level of Care Committee Does regarding physical therapy and a brace after his knee surgery because Webb failed to allege facts sufficient to show that these defendants' acts harmed him. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (explaining that, to establish deliberate indifference, a plaintiff must show "(a) a purposeful act or failure to

respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference" (citation omitted)).

The district court did not abuse its discretion by dismissing without leave to amend Webb's claims against defendants Bullock, Coffey, Roberts, Bugher, Wright, and Fleener, and his claims regarding physical therapy and a knee brace against Miller-Saltarello and the Therapeutic Level of Care Committee Does, because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *see also Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (explaining that the court's discretion is particularly broad when a plaintiff has previously been granted leave to amend and has subsequently failed to add requisite particularity to claims).

The district court dismissed Webb's claim against Miller-Saltarello regarding the administration of pain medication after his knee surgery because Webb failed to allege facts sufficient to show deliberate indifference. However, Webb alleged that Miller-Saltarello contravened the surgeon's pain medication order, resulting in Webb being sent to the emergency department for shortness of breath attributable to inadequate post-operative pain management. Liberally construed, these allegations "are sufficient to warrant ordering [defendant Miller-

3                                                                      24-2094

Saltarello] to file an answer." *Wilhelm*, 680 F.3d at 1116; *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("[A]llegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference.").

The district court dismissed Webb's claim against Miller-Saltarello and the outside scheduler Does regarding the delay in scheduling his MRI because Webb failed to allege facts sufficient to show deliberate indifference. However, Webb alleged that Miller-Saltarello purposefully erred in entering the MRI order and that these defendants knew the scheduling system was inadequate and failed to follow up properly to schedule the ordered imaging, resulting in a significant delay in diagnosis and subsequent surgery. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference standard).

While a district court "may decline to exercise supplemental jurisdiction," 28 U.S.C. § 1367(c)(3), over remaining state law claims, the district court did not indicate that it was exercising that discretion here. We vacate the dismissal of Webb's Oregon state law claims and remand to give the court an opportunity to exercise its discretion. *See Pell v. Nunez*, 99 F.4th 1128, 1135 (9th Cir. 2024) (remanding to permit the district court to determine whether to exercise its

discretion over state law claims).

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**